UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOEL CARTER,

           Plaintiff,

v.

HEIDI WASHINGTON, et al.,

           Defendants.

Case No. 2:21-cv-11361

HONORABLE STEPHEN J. MURPHY, III

_____/

## OMNIBUS OPINION AND ORDER

Plaintiff Joel Carter is a Michigan prisoner who filed the pro se civil rights complaint against four Defendants within the Michigan prison system. ECF 1. Defendants Heidi Washington and Jeffrey Stieve are high-level officials in the Michigan Department of Corrections ("MDOC"). *Id.* at 3. Plaintiff sued both Defendants in their individual capacities for damages and in their official capacities for injunctive relief. *Id.*

Plaintiff asserted six claims against both Defendants. *Id.* at 11–13. One claim is for First Amendment retaliation based on "discontinuing prescribed treatment and foreclosing Plaintiff's access to subsequent medical treatment[] in response to his complaints and grievances." *Id.* at 11–12. The second claim is for Eighth Amendment deliberate indifference because MDOC Policy Directive 03.04.100(QQ) is unconstitutional as applied to Plaintiff. *Id.* at 12. The third claim is also for Eighth Amendment deliberate indifference based on a refusal to provide Plaintiff medically necessary care. *Id.* The Fourth claim is a denial of services in violation of the

1

Americans with Disabilities Act ("ADA") based on a refusal to accommodate Plaintiff's medical needs. *Id.* The fifth claim is for gross negligence based on a refusal to provide Plaintiff medically necessary care. *Id.* at 13. And the last claim is for intentional infliction of emotional distress ("IIED"). *Id.*

Defendants Washington and Stieve moved to dismiss the complaint for failure to state a claim. ECF 26, PgID 199–204. Both Defendants alternatively moved for summary judgment on the claims based on Plaintiff's failure to exhaust administrative remedies. *Id.* at 204–211. Plaintiff opposed the motion and, in the alternative, moved for partial summary judgment on the exhaustion issue. ECF 42.[1] For the following reasons, the Court will grant the motion to dismiss and deny the summary judgment motions as premature.

## BACKGROUND[2]

Plaintiff has several medical conditions and prescriptions due to his multiple sclerosis. ECF 1, PgID 4–5. The allegations in the complaint stem largely from Defendant Rickey Coleman and Rosilyn Jindal's treatment of Plaintiff. *Id.* at 5–9. The only allegations against Defendants Washington and Stieve stem from their adoption and maintenance of "an unconstitutional policy of constitutionally deficient medical care"—MDOC Policy Directive 03.04.100(QQ). *Id.* at 9. The policy provides that "[t]he outside Qualified Health Professional shall be viewed as a consultant

---

[1] Because Plaintiff is incarcerated, the Court need not hold a hearing. E.D. Mich. L.R. 7.1(f)(1).
[2] Because the Court must view all facts in the light most favorable to the nonmoving party, *see Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir. 2008), the Court's recitation does not constitute a finding or proof of any fact.

2

only." *Id.* Plaintiff argued that the policy "is the moving force for Defendants['] unlawful actions" and is unconstitutional as applied to him. *Id.* As Plaintiff put it, "[a]s a consequence of this policy, MDOC health care officials have a practice of refusing to follow the orders, instructions, and advice of the treating specialist." *Id.*

## LEGAL STANDARD

The Court must liberally construe a pro se litigant's pleadings. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (per curiam). Still, the Court may grant a Rule 12(b)(6) motion to dismiss if a pro se complaint fails to allege facts "sufficient 'to raise a right to relief above the speculative level,' and to 'state a claim to relief that is plausible on its face.'" *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)); *see Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000) (explaining that pro se litigants are expected to follow the Court's procedural rules). The Court views the complaint in the light most favorable to the plaintiff, presumes the truth of all well-pleaded factual assertions, and draws every reasonable inference in the nonmoving party's favor. *Bassett*, 528 F.3d at 430.

But the Court will not presume the truth of legal conclusions in the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If "a cause of action fails as a matter of law, regardless of whether the plaintiff's factual allegations are true or not," then the Court must dismiss. *Winnett v. Caterpillar, Inc.*, 553 F.3d 1000, 1005 (6th Cir. 2009).

3

**DISCUSSION**

The motion to dismiss turns on whether Defendants were personally involved in the unconstitutional conduct. ECF 26, PgID 199–204. Defendants Washington and Stieve argued that they cannot be held vicariously liable for the conduct of prison officials when they were not involved in Plaintiff's medical care decisions. *Id.* Plaintiff responded that Defendants Washington and Stieve were responsible for MDOC policy 03.04.100(QQ), which was "the moving force" behind the alleged misconduct. ECF 42, PgID 576 (citing ECF 1, PgID 9). The Court will first grant the motion to dismiss. After, the Court will deny the summary judgment motions as premature.

I. <u>Motion to Dismiss</u>

To state a § 1983 claim, Plaintiff must prove "that (1) a person, (2) acting under color of state law, (3) deprived [him] of a federal right." *Berger v. City of Mayfield Heights*, 265 F.3d 399, 405 (6th Cir. 2001). Conduct occurs under color of state law when "the actor intends to act in an official capacity or to exercise official responsibilities pursuant to state law." *Kalvitz v. City of Cleveland*, 763 F. App'x 490, 496 (6th Cir. 2019) (quoting *Waters v. City of Morristown*, 242 F.3d 353, 359 (6th Cir. 2001)).

The Sixth Circuit "has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, *with particularity*, facts that demonstrate what each defendant did to violate the asserted constitutional right." *Lanman v. Hinson*, 529 F.3d 673, 685 (6th Cir. 2008) (emphasis added and removed) (citation omitted). Beyond that, "[t]hreadbare

4

recitals of the elements of a cause of action, supported by mere conclusory statements" are not enough to plead a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The First Amendment Retaliation claim fails against Defendants Washington and Stieve. A plaintiff must plead factual allegations sufficient to establish three elements for a First Amendment retaliation claim: "(1) the plaintiff engaged in constitutionally protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) the adverse action was motivated at least in part by the plaintiff's protected conduct." *Handy-Clay v. City of Memphis*, 695 F.3d 531, 539 (6th Cir. 2012) (quotation omitted). Assuming that Plaintiff's filings of complaints and grievances were constitutionally protected conduct, ECF 1, PgID 12, Plaintiff has not plausibly shown that Defendants Washington and Stieve knew he had filed any complaints or grievances. After all, Plaintiff has not shown that Defendants Washington and Stieve have done more than create a policy that Plaintiff merely believes is unconstitutional. *Id.* at 9. Because Plaintiff has not plausibly alleged that the policy was "motivated at least in part by [] [P]laintiff's protected conduct," the First Amendment Retaliation claim fails against Defendants Washington and Stieve. *Handy-Clay*, 695 F.3d at 539.

The deliberate indifference claims fail as well. "To sustain a cause of action under § 1983 for failure to provide medical treatment, plaintiff must establish that the defendants acted with 'deliberate indifference to serious medical needs.'" *Watkins v. City of Battle Creek*, 273 F.3d 682, 686 (6th Cir. 2001) (quoting *Estelle v. Gamble*,

429 U.S. 97, 104 (1976)). To show deliberate indifference, Plaintiff must prove two prongs: one subjective, the other objective.

To satisfy the subjective prong, he must show that "each defendant 'subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk' by failing to take reasonable measures to abate it." *Rhinehart v. Scutt*, 894 F.3d 721, 738 (6th Cir. 2018) (quotation omitted). But Plaintiff failed to plead any facts that plausibly showed Defendants Washington and Stieve perceived facts specific to Plaintiff so that they could infer a substantial risk to Plaintiff if he were not provided with proper medical care. *See* ECF 1. And simply creating MDOC policy 03.04.100(QQ) cannot plausibly show that Defendants Washington and Stieve were deliberately indifferent to Plaintiff in particular.

To be sure, Plaintiff never alleged that Defendants Washington and Stieve knew about Plaintiff's medical condition before they created the policy. "At a minimum, a § 1983 plaintiff must show that [Defendants Washington and Stieve] at least implicitly authorized, approved[,] or knowingly acquiesced in the unconstitutional conduct of the offending subordinate." *Turner v. City of Taylor*, 412 F.3d 629, 643 (6th Cir. 2005) (quotation omitted). And Plaintiff's arguments that the MDOC policy was "the moving force for Defendants['] unlawful actions," ECF 1, PgID 9, is conclusory. Besides, Plaintiff provided no allegations that would plausibly show that the policy was deliberately indifferent to Plaintiff's Eighth Amendment rights. *Id.* (explaining only that the policy provides that "[t]he outside Qualified Health

6

Professional shall be viewed as a consultant only."); *see Watkins*, 273 F.3d at 686. In all, Plaintiff failed to state deliberate indifference claims against Defendants Washington and Stieve.

Last, Defendants Washington and Stieve did not move to dismiss the ADA claims. *See* ECF 26, PgID 199–04. The Court will liberally construe the ADA claims to include Rehabilitation Act ("RA") claims. *See* ECF 42, PgID 574 (explaining that the claims arise from the ADA and RA); *see also* ECF 1, PgID 1–2 (seeking relief under the ADA and RA). Defendants Washington and Stieve also did not move to dismiss the state law claims. As a result, the ADA, RA, and state law claims remain against Defendants Washington and Stieve.

II. <u>Summary Judgment Motions</u>

The Court will deny the cross-summary judgment motions as premature. "Before ruling on summary judgment motions, a district judge must afford the parties adequate time for discovery, in light of the circumstances of the case." *Plott v. Gen. Motors Corp., Packard Elec. Div.*, 71 F.3d 1190, 1195 (6th Cir. 1995). Summary judgment motions "filed before the close of discovery [are] often denied as premature" based "on the [C]ourt's own initiative without an explicit request from the opposing party." *CLT Logistics v. River W. Brands*, 777 F. Supp. 2d 1052, 1076 (E.D. Mich. 2011) (quoting *Wells v. Corp. Accts. Receivable*, 683 F. Supp. 2d 600, 602 (W.D. Mich. 2010)).

Put simply, the Court will not resolve opposing summary judgment motions before the parties have engaged in some discovery. *White's Landing Fisheries, Inc. v.*

*Buchholzer*, 29 F.3d 229, 231 (6th Cir. 1994). Because the Court will enter a scheduling order sanctioning discovery after Defendants Washington and Stieve answer the complaint, the Court will, on its own initiative, deny the summary judgment motions as premature. *See CLT Logistics*, 777 F. Supp. 2d at 1076.

## CONCLUSION

The Court will dismiss the § 1983 claims against Defendants Washington and Stieve. The Court will deny the cross-summary judgment motions as premature and grant Defendants Washington and Stieve and Plaintiff leave to each move for summary judgment at the end of discovery. E.D. Mich. L.R. 7.1(b)(2). Defendants Washington and Stieve must answer the complaint no later than June 13, 2022.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that the motion to dismiss [26] is **GRANTED**. The § 1983 claims against Defendants Washington and Stieve are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Defendants Washington and Stieve's motion for partial summary judgment on the exhaustion issue [26] is **DENIED AS PREMATURE**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for partial summary judgment on the exhaustion issue [42] is **DENIED AS PREMATURE**.

**IT IS FURTHER ORDERED** that Plaintiff and Defendants Washington and Stieve may **MOVE** for summary judgment **after the close of discovery**.

**IT IS FURTHER ORDERED** that Defendants Washington and Stieve must ANSWER the complaint **no later than June 13, 2022.**

SO ORDERED.

                                          s/ Stephen J. Murphy, III
                                          STEPHEN J. MURPHY, III
                                          United States District Judge

Dated: May 20, 2022

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 20, 2022, by electronic and/or ordinary mail.

                                          s/ David P. Parker
                                          Case Manager